## GURNEE vs. HOXIE & LEWIS.

One of two defendants, appearing by a separate attorney and having a separate and different defense, may bring the cause, as to himself, to trial, and in case no one attends for the plaintiff, may take a judgment of dismissal, by default.

MOTION for a rehearing of a motion made at a special term to set aside a judgment of dismissal, on the ground of irregularity.

*By the Court,* ROOSEVELT, P. J.   One of the two defendants, the only real defendant in the cause, appearing by a separate attorney and having a separate and different defense, brought the cause as to himself to trial, and no one attending for the plaintiff, took judgment of dismissal by default.   It is insisted that the default so taken was irregular and ought to be set aside.   The judge at special term having denied a motion to that effect, and another judge having then been applied to for a rehearing of the question, the whole matter was referred by him to the general term.

The plaintiff relies on the 258th section of the code, which provides that " either party" may bring " the issue" to trial, and in the absence of the other party may take a dismissal of the complaint, or a verdict or judgment, as the case may require.   Either party, it is said, means all the plaintiffs on one side and all the defendants on the other.   A single one of two or more defendants, it is contended, is not a *party* within the meaning of the code.

This position is not well taken.   Either party clearly means either party to the particular issue to be tried.   The instance of a maker and indorser of a promissory note, both sued in the same action, is an illustration.   The only defense of the indorser may be want of notice of protest; an issue in which the maker has no interest.   Why should the indorser, in such a case, be compelled to wait the movements of his co-defendant ?

A subsequent clause of the section quoted shows that this was the view of the legislature.   It declares that " a sepa-

Gurnee *v.* Hoxie.

rate trial between a plaintiff and any of the several defendants may be allowed by the court, whenever, in its opinion, justice will thereby be promoted." In the present instance the court did "*allow*" such separate trial. No formal order, it is true, was made in advance—and none was necessary. Until the cause was called in its order on the calendar, the defendant Hoxie could not know that the defendant Lewis would be absent. Hoxie had duly notified the plaintiff, and .that was all the law required of him. "Either party (says the code) may give notice of trial, and either party *giving the notice* may bring the issue to trial."

It may in some instances be inconvenient to have more than one trial. That must depend upon the circumstances of the case as disclosed when the moving party is heard. The court which may be called upon to try the issue will determine, after such hearing, whether justice will be promoted by "allowing" a separate trial. If "its opinion" should be adverse, the cause would of course be ordered to stand over. In this case the judge, as it seems to me, very properly "allowed" it to go on. His decision, it being a mere matter of discretion, is final.

I have less reluctance in arriving at this conclusion, when I consider the small amount of the demand, its staleness, and *its* very dubious character.

There is also another objection to the plaintiff's application. His order to show cause does not specify the irregularity complained of. He is therefore, by the 39th rule, irregular himself.

Motion denied, with costs.

[NEW YORK GENERAL TERM, February 6, 1859. *Roosevelt, Davies* and *Clerke*, Justices.]