JACOB M. SIMON, Appellant, *v.* GIBRALTER CONSTRUCTION COMPANY and GEORGE W. AVERELL, Respondents, Impleaded with IRA KAPLAN, Defendant.

Second Department, July 31, 1917.

**Practice — right of defendant to notice case for trial — when trial cannot be moved until all necessary parties are before the court — dismissal of complaint for failure to serve summons on one of several defendants.**

Under sections 977 and 980 of the Code of Civil Procedure, construed in connection with section 967, any defendant, when issue is joined as to him, may notice the case for trial and place it upon the calendar, although the case is not at issue as to other defendants, but unless the case is one in which a separate trial may be had between the plaintiff and the defendants who have answered, the trial itself cannot be moved until all the parties necessarily affected thereby are properly before the court.

As a general rule, a separate trial can be had only in a case where separate judgments can regularly be entered on severance of the action.

Until all the necessary parties are regularly brought before the court by the plaintiff the case cannot be properly tried and the complaint can only be dismissed upon motion for delay in prosecution under section 821 of the Code of Civil Procedure.

APPEAL by the plaintiff, Jacob M. Simon, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 29th day of May, 1917, denying his motion to strike the cause from the calendar and ordering it on trial.

When the case was noticed for trial by the other defendants and placed on the calendar, defendant Kaplan had not been served with the summons.

*William H. Good,* for the appellant.

*Van Mater Stilwell,* for the respondents.

BLACKMAR, J.:

This case cannot be properly tried without the presence of the defendant Kaplan. It is not a case where a separate trial may be had between the plaintiff on the one hand and the defendants Gibralter Construction Company and George W. Averell on the other, because the cause of action stated in the complaint necessarily calls for an adjudication upon the rights of the defendant Kaplan. (Code Civ. Proc. § 452.)

Section 967 of the Code of Civil Procedure re-enacts the last sentence of section 258 of the Code of Procedure as construed in *Gurnee* v. *Hoxie* (29 Barb. 547). Reading the provisions of sections 977 and 980 of the Code of Civil Procedure in connection with the provision of section 967, it is apparent that any defendant, when issue is joined as to him, may notice the case for trial and place it upon the calendar, notwithstanding that the case is not at issue as to other defendants; but unless the case is one in which a separate trial may be had between the plaintiff and the defendants who have answered, the trial itself cannot be moved until all the parties necessarily affected thereby are properly before the court. As a general thing, a separate trial can be had only in a case where separate judgments can regularly be entered on severance of the action. (Code

Civ. Proc. § 456.) The determination whether a separate trial may be had or not, may be made " by the judge holding the term, where those issues are regularly upon the calendar for trial." (Code Civ. Proc. § 967.) Until all the necessary parties are regularly brought before the court by the plaintiff, the case cannot be properly tried, and the complaint can only be dismissed upon motion for delay in prosecution, under section 821 of the Code of Civil Procedure. The only thing before this court is the appeal from the order denying the motion made by the plaintiff to strike the case from the calendar, and although it is stated in the briefs of the counsel that the complaint of the plaintiff was subsequently dismissed, the question of the propriety of this act is not before this court. The plaintiff must be left to take such steps as he may be advised for relief against such dismissal.

The order is affirmed, with ten dollars costs and disbursements.

Jenks, P. J., Thomas, Mills and Putnam, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.